UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAUL FENTON,

                Plaintiff,

      v.                                      9:20-CV-1564
                                                      (BKS/CFH)

CYNTHIA PROVEL and KRISTEN DEEP,

                Defendants.

---

APPEARANCES:

PAUL FENTON
Plaintiff, pro se
42671604
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a pro se civil rights Complaint filed by plaintiff Paul Fenton ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff, who is civilly confined at Central New York Psychiatric Center ("CNYPC"), has not paid the filing fee for this action and seeks leave to proceed in forma pauperis.[1] Dkt. No. 2 ("IFP Application").

**II.    IFP APPLICATION**

---

[1] Plaintiff has not submitted an inmate authorization form with his IFP Application because he is not a prisoner.

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has demonstrated sufficient economic need.  Plaintiff's IFP application (Dkt. No. 2) is granted.

### III.    SUFFICIENCY OF THE COMPLAINT

#### A.    Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Therefore, the Court must determine whether Plaintiff may properly maintain his Complaint before permitting him to proceed.  Although a court has the duty to show liberality towards pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.  "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the

2

process of the court, as well as to discourage the waste of judicial resources." *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (internal citation and citation omitted).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B.   Summary of the Complaint

"On an unknown date and time," Plaintiff was committed to CNYPC pursuant to Article 10 of the Mental Hygiene Law ("MHL"). Compl. at 2. Approximately 2 ½ years ago, Plaintiff began having stomach pain and submitted a request for medical treatment. *Id.* At that time, Plaintiff met with defendant Nurse Kristen Deep ("Deep") and complained of stomach pain, rectal bleeding, and a hernia. *Id.* Deep indicated that she would make an appointment for Plaintiff to see a gastrointestinal specialist. *Id.*

Subsequently, Deep "pass[ed]" Plaintiff "from doctor to doctor." Compl. at 4. Eight months ago, Plaintiff began treating with defendant Dr. Cynthia Provel ("Provel"). *Id.* at 3. Provel also told Plaintiff that she would arrange an appointment with a specialist. *Id.* However, as of November 2020, Plaintiff had not met with a specialist and continues to suffer from pain every day. *Id.* at 2-3. Provel "keeps asking when [plaintiff] is [supposed] to go out." Compl. at 3.

Plaintiff wrote to Ms. Sullivan, the Commissioner of the Office of Mental Health.[2] Compl. at 4. Ms. Sullivan forwarded Plaintiff's complaint to CNYPC Risk Management for an investigation. *Id.* Plaintiff has not received a response from Ms. Sullivan or Risk Management. *Id.*

---

[2]  Ms. Sullivan is not named as a defendant in this action.

Construing the Complaint liberally[3], Plaintiff asserts Fourteenth Amendment deliberate medical indifference claims against Deep and Provel.  *See* Compl. at 4.  Plaintiff seeks monetary damages.  *See id.* at 5.

### C.     Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

The Court will construe the allegations in the Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### IV.    ANALYSIS

Plaintiff is civilly confined at CNYPC.  The constitutional rights of persons who are involuntarily committed have been likened to the rights of detainees awaiting trial.  *See, e.g.,*

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally).

*Serna v. Goodno*, 567 F.3d 944, 948 (8th Cir. 2009) (holding that an involuntarily committed person's constitutional claim "should be evaluated under the . . . standard usually applied to . . . claims brought by pretrial detainees");*Groves v. New York*, No. 09-cv-412, 2010 WL 1257858, at *6 (N.D.N.Y. March 1, 2010). Accordingly, Plaintiff's claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Lane v. Carpinello*, No. 07-CV-0751 (GLS/DEP), 2009 WL 3074344, at *18 (N.D.N.Y. Sept. 29, 2009) (citing *Dove v. City of New York*, No. 03-CV-5052, 2007 WL 805786, at *7 (S.D.N.Y. Mar. 15, 2007). To state a claim for deliberate indifference to a medical need in violation of the Fourteenth Amendment, "a plaintiff must plead facts 'show[ing] that she had a serious medical condition and that it was met with deliberate indifference.' " *Bruno v. City of Schenectady*, 727 Fed. App'x 717, 720 (2d Cir. 2018) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)).

The objective prong of the deliberate indifference claim is the same as for a convicted prisoner under the Eighth Amendment, *see Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017), which "requires that the alleged deprivation [ ] be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted).

With respect to the subjective test of a Fourteenth Amendment deliberate medical indifference claim, "rather than ask whether the charged official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety,' courts are to instead determine whether the official 'knew, or should have known' that his or her conduct 'posed an excessive risk to health or safety.' " *Lloyd v. City of New York*, 246 F.Supp.3d 704, 719 (S.D.N.Y. 2017)

(quoting *Darnell*, 849 F.3d at 33, 35).  While "something more than negligence is needed to elevate a claim of medical misconduct to a constitutional tort, . . . after *Darnell*, it may not be so easy for a district court to distinguish between 'mere negligence' and 'mens rea greater than mere negligence' in cases involving medical treatment."  *Davis v. McCready*, 283 F.Supp.3d 108, 121–22 (S.D.N.Y. 2017) ("Determining whether a reasonable medical provider would expect the conduct to result in excessive risk, as opposed to some lower baseline level of risk associated with any negligent medical conduct, may be difficult in the context of a motion to dismiss—a stage at which the court does not have the benefit of expert opinion.").

At this stage of the litigation, the Court finds that a response to Plaintiff's Fourteenth Amendment medical indifference claims is warranted based upon Plaintiff's allegations that defendants refused to send him to a specialist despite his repeated complaints of pain.  *See* Compl. at 2-4.

## V.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's in forma pauperis application (Dkt. No. 2) is **GRANTED**;[4] and it is further

**ORDERED** that the Fourteenth Amendment due process claims survive the Court's sua sponte review and require a response; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with a copy

---

[4] Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

7

of the Complaint, to the United States Marshal for service upon defendants.  The Clerk shall forward a copy of the summonses and Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Complaint be filed by Defendants, or counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff,

8

together with a copy of the original Complaint.

    Dated: January 11, 2021

Brenda K. Sannes
U.S. District Judge